**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**PATRICIA KOMAR,**

    Plaintiff,

vs.                                           Civ. No. 99-1120 BB/DJS

**CITY OF ALBUQUERQUE,**

    Defendant.

**MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION**[1]

    1.   **THIS MATTER** comes before the Court pursuant to a referral by the provisions of 28 U.S.C. Sec. 636(b)(1)(B).

    2.   Plaintiff Patricia Komar, proceeding *pro se*, filed a lawsuit against the City of Albuquerque. Defendant removed this suit to federal court on October 4, 1999. Plaintiff alleges she was injured on the premises of "Albuquerque Housing Complex." She alleges violations of her civil rights, the Americans with Disabilities Act, and state law.

    3.   On May 24, 2000, the Court filed and served on the parties an Initial Scheduling Order. This order required the

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the clerk of the district court within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

Plaintiff to meet and confer with opposing counsel.  The order also required the Plaintiff to file a provisional discovery plan and an initial pre-trial report.  Further, the order required that the Plaintiff appear for a scheduling conference on July 20, 2000 at 8:30am.  Plaintiff failed to submit any documents and failed to appear at the scheduling conference.

    4.   The court entered an Order to Show Cause on July 20, 2000.  Plaintiff was ordered to appear for a show cause hearing on August 1, 2000 at 2:30pm.  Plaintiff was ordered to appear to show cause why sanctions should not be imposed for her failure to obey the Court's order.  Further, Plaintiff was warned that failure to obey the Court's orders or to cooperate in discovery may lead to sanctions including the dismissal of this action. Again, Plaintiff failed to appear.

    5.   The Court has discretion to dismiss an action for failure to prosecute and for discovery violations.  The Tenth Circuit has set forth five factors that a court should "ordinarily" consider when using this measure:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process;...(3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992).

Not all of these factors must be considered or met to warrant dismissal.  Id. at 921.

    6.   Dismissal is indeed a drastic sanction, but one which

is appropriate in the circumstances of this case. Because of Plaintiff's failure to cooperate in the initial discovery documents or attend the conference, the Defendant cannot defend the case. Plaintiff's failure to appear has impacted the judicial process. The Court has taken time to schedule hearing and issue orders. The decision on whether or not to participate in this litigation is solely in the control of the Plaintiff. It was and has been Plaintiff's decision to refuse to appear before the court. In considering all of the above the court concludes that no lesser sanction would persuade Plaintiff to respond to her obligations in this litigation.

### Recommended Disposition

For these reasons, I recommend that Plaintiff's Complaint and all the causes of action therein be dismissed with prejudice.

_____
Don J. Svet
United States Magistrate Judge